52 379
85  46

## O. P. REID v. YGNACIO FERNANDEZ.

1. APPEAL BOND.—A bond, filed as an appeal bond, which fails to bind the obligors for the payment of all the costs which have accrued in the court below, or which may accrue in the appellate court, and which fails to stipulate for the payment of "all such damages as" the appellate court "may award against" the appellant, is neither a cost bond nor a supersedeas bond; and the stipulation in the bond to perform the judgment, sentence, or decree of the Supreme Court is not, of itself, sufficient.

2. STATUTORY BOND.—When the conditions of a statutory bond are clearly and definitely stated in the law, if the bond does not literally follow the statute, it must fully and clearly embrace all the conditions prescribed by it.

3. STATUTES CONSTRUED.—See construction of the statute regulating appeal bonds, and the suggestion that a more strict observance of its provisions will be exacted.

APPEAL from Webb. Tried below before the Hon. John C. Russell.

The judgment from which O. P. Reid attempted to appeal was rendered during the Spring Term, 1879, of the Webb-county District Court.

The following is the instrument filed as an appeal bond, and which received construction in the opinion :

"O. P. REID
        *vs.*          } No. 205.
YGNACIO FERNANDEZ.

Whereas Ygnacio Fernandez recovered a judgment in the District Court, holden in and for the county of Webb, on the 14th day of October, A. D. 1879, against O. P. Reid, for the sum of $887.67, value of property of defendant seized by plaintiff, and other damages to defendant, after deducting amount claimed against said defendant in plaintiff's pleadings, besides costs of suit, from which judgment the said O. P. Reid has appealed to our Supreme Court: Now, therefore, we, O. P. Reid, as principal, and P. Floyd and Justo Guerra, as sureties, acknowledge ourselves bound to pay to Ygnacio Fernandez the sum of $1,876.34, conditioned that the said O. P. Reid shall prosecute his appeal with effect, and perform the sentence, judgment, or decree of the Supreme Court in case the decision of said court shall be against the appellant.

Witness our hands this 30th day of October, A. D. 1879.

                (Signed)                O. P. REID.
                                        P. FLOYD.
                                        JUSTO GUERRA.

Approved: W. H. MOWRY,
            *Clerk Dist. Court, W. C.*"

The judgment was rendered April 25, 1879. Appeal bond was executed November 3, 1879.

The following articles of the Revised Statutes receive construction in the opinion:

"ART. 1400. The appellant or plaintiff in error, as the case may be, shall execute a bond, with two or more good and sufficient sureties, to be approved by the clerk, payable to the appellee or defendant in error, in a sum at least double the probable amount of the costs of the suit of both the appellate court and the court below, to be fixed by the clerk, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and shall pay all the

costs which have accrued in the court below, or which may accrue in the appellate court.

"ART. 1404. Should the appellant or plaintiff in error, as the case may be, desire to suspend the execution of the judgment, he may do so by giving, instead of the bond, or affidavit in lieu thereof mentioned in the four preceding articles, or in addition to such bond, a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to the appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the appellate court shall be against him, that he shall perform its judgment, sentence, or decree, and pay all such damages as said court may award against him."

*A. M. McLane*, for appellant.

*Edmund J. Davis*, for appellee, filed on January 5, 1880, his motion to dismiss the appeal, because no lawful appeal bond had been executed, as follows, viz.:

"Now, in the above case, comes appellee, Ygnacio Fernandez, and moves the court to dismiss the appeal of same, and to sustain such motion shows the following grounds:

"1. Because no lawful appeal bond has been filed herein, it appearing that the bond filed is defective in that it fails to contain an obligation to pay all such damages as this court may award against appellant, as required by law.

"2. Because the brief filed herein by appellant is defective, and is not in compliance with rules numbered 29 to 36, inclusive, of this court."

MOORE, CHIEF JUSTICE.—The embarrassment occasioned by the different conditions presented in our former statutes, upon which judgments of the District Court might be brought by appeal and writ of error to this court, has been the subject of

frequent comment. It was the evident purpose of the Revised Statutes to simplify the law regarding this matter, and relieve parties desiring to remove cases to this court from doubt and uncertainty as to the character of bond they are required to give for this purpose.

By the law in force when this judgment was rendered, if bond is required for the removal of it to this court for review, the party desiring to do this is required to give either a bond for cost or a supersedeas bond. The condition of the first is, that appellant or plaintiff in error, as the case may be, "shall prosecute his appeal or writ of error with effect, and shall pay all costs which have accrued in the court below, or which may accrue in the appellate court"; while the condition of the second is, that the appellant or plaintiff in error "shall prosecute his appeal or writ of error with effect; and in case the judg-ment of the appellate court shall be against him, that he shall perform its judgment, sentence, or decree, and pay all such damages as said court may award against him."

The bond given in this case manifestly does not conform to the statutory requirements of either a cost or supersedeas bond. If intended as a bond for cost, it is clearly defective in not binding the obligors for the payment of all the costs which have accrued in the court below, or which may accrue in the appellate court; and if it was intended as a supersedeas bond, it is defective for the omission of the stipulation to "pay all such damages as" the appellate court "may award against" the appellant. (Rev. Stats., ch. 19, arts. 1400–1404.) It is no answer to this objection to the bond, for the omission of this condition, to say that the payment of damages awarded by the Supreme Court is virtually included in the obligation to per-form the judgment, sentence, or decree of the court, should the same be against the appellant. Both conditions are re-quired by the statute to perfect the appeal, and it is not for the court to say that they are unnecessary.

When the conditions of a statutory bond are clearly and definitely stated in the statute, we think the bond, if it does

not literally follow the statute, must fully and clearly embrace all the conditions prescribed by it. If parties will not take the trouble of examining the statute when they are required to execute such bonds, and conform to its requirements, they must attribute their failure to secure the relief which they might be entitled to by giving the proper bond, to their negligence or over-confidence in themselves.

We do not make these observations because they are supposed to have any special reference to this case. The bond here in question conforms to the requirements of a supersedeas appeal bond under the former statute. (Paschal's Dig., art. 1491.) The defect in it is, no doubt, to be attributed to the fact that the change in the conditions of a supersedeas bond made by the Revised Statutes was not generally known to the profession at the time this bond was executed. The purpose of our observations is to impress upon parties required to give such bonds the necessity, in all instances, of examining the statute under which they are given before executing them, and to indicate to the profession that bonds for the removal of cases into this court having been so greatly simplified, we shall, in future, require a more strict observance of the statutory requirements than has possibly, in some instances, been heretofore deemed absolutely essential.

DISMISSED.