## J. KERR v. E. P. CLEGG & Co.

(No. 1063, Op. Book No. 2, p. 386.)

APPEAL from Galveston County. Opinion by WHITE, P. J.

§ 791. *Appeal bond from justice's to county court; conditions of.* Appellant appealed to the county court from a judgment rendered against him in justice's court. His appeal was dismissed upon the ground that his ap-

peal bond was not conditioned as the law required it should be. The conditions of the bond were as follows: "That the said J. Kerr, appellant, shall prosecute his said appeal with effect, and shall pay and satisfy the judgment or decree that may be rendered against the obligors in this bond on the trial of this case in the county court aforesaid, if the decision shall be against the said Kerr." *Held,* the statute requires that the appeal bond shall be conditioned that "the party appealing shall prosecute his appeal to effect, or shall pay and satisfy the judgment or decree that may be rendered against the obligors in such bond." [Gen. Laws 1876, p. 163, § 21; R. S. 1639.] Compared with the statute, it will be seen that the bond differs from the statute in two respects, viz.: the bond stipulates that the appeal shall be prosecuted "with" instead of "to" effect, and uses the word "and" instead of "or" before the words "shall pay and satisfy," etc. It is not perceived that the meaning of the statutory condition of the bond is changed by the use of the words "with" and "and" instead of the words "to" and "or," as used in the statute, and this objection to the bond is not well taken. [Robinson v. O'Brien, 20 Tex. 438.] Undoubtedly the rule is correct, that "when the conditions of a statutory bond are clearly and definitely stated in the law, if the bond does not literally follow the statute, it must fully and clearly embrace all the conditions prescribed by it." [Reid v. Fernandez, 52 Tex. 379.] The addition of the words in the bond, "on the trial of this case in the county court aforesaid, if the decision of said court shall be against said Kerr," did not in anywise affect the validity of the bond. These words were unnecessary and superfluous, and do not affect the obligation of the bond one way or the other, either in limiting the force of the obligation, or by imposing a more onerous condition upon the obligors. As a general rule, it is believed to be well settled that when the conditions or covenants of a statutory bond are more onerous than are required by law, such a depart-

ure from the statute invalidates the bond. Such is not the case where that which is prescribed is distinctly stated in the bond, but more not necessary is superadded, because the unnecessary addition may be rejected as surplusage, retaining that which is properly set out, and which makes the bond a good one. [Janes v. Langham, 29 Tex. 413.]

February 26, 1881.          Reversed and remanded.