SANTA FE TOWNSITE COMPANY v. W. J. NORVELL.

Decided April 28, 1909.

**1.—Trial by Jury—Action for Mandatory Injunction—Enforcement of Former Decree.**

In an action for a mandatory injunction to enforce an agreed decree which simply determined the obligation of defendant to open immediately a highway over its property, the facts upon which the right to the injunction depended, such as failure vel non to perform the terms of the decree, being disputed, it was the right of either party to have such issue or issues determined by a jury as in other cases of disputed facts.

**2.—Verdict—Construction.**

Where the obligation of the defendant under the original decree was to open a road through its property between certain points and of a certain width and kind, and in a suit to enforce performance by mandatory injunction it appeared that it had opened a road, which, there was evidence to show, was not in compliance with the terms of the decree, and the jury, under instructions to find for plaintiff if they found defendant had not complied and to find the particulars in which it had failed, found that it had failed to comply with such decree in the following particulars: It had failed to construct a road of the first class and as described in the decree, and therefore found for plaintiff, the verdict was in effect a finding that there had been a failure in all particulars in contention, and was sufficiently certain to support a judgment granting the relief prayed for.

ON REHEARING.

**3.—Judgment—Enforcement of Former Decree.**

Where the plaintiff sought simply to enforce the original decree imposing upon defendant the obligation to open a road between certain points "in a direct line as nearly as practicable without removing houses or encountering other immovable articles," but sought no reformation, and it appeared that a road opened in a direct line would pass through premises on which were houses, the judgment for the plaintiff that the road be open in a straight line was held error, in that it should have followed the original decree; and the judgment below was reformed in this respect.

Appeal from the District Court of Hardin County. Tried below before Hon. L. B. Hightower.

*Dies, Singleton & Dies,* for appellant.—A verdict is bad if it finds only a part of that which is in issue, or if it is so indefinite or uncertain as to require speculation on the part of the court to determine its true and full meaning. Paschal v. Acklin, 27 Texas, 174; Moore v. Moore, 67 Texas, 293; Railroad v. Hathaway, 75 Texas, 558; Moore v. Moore, 73 Texas, 385; Dodd v. Gaines, 82 Texas, 429; Silliman v. Gano, 90 Texas, 645; Bowen v. Hatch, 34 S. W., 332; Texas Loan v. Hunter, 35 S. W., 401; Stephenson v. Chappell, 36 S. W., 484; Bank v. Stucken, 37 S. W., 170; Patterson v. United States, 2 Wheaton, 221.

If Justice Gaines was correct in his annunciation of the law in the case of Moore v. Moore, 67 Texas, 294, it matters not that the court may have been of the opinion that the evidence fully warranted the judgment entered, the entry of a judgment which goes beyond the finding of the verdict is usurping the functions of the jury. The

court in the case above referred to say: "It is the right of the parties to have the jury pass upon all of the facts controverted by the pleadings, and when they have omitted to do this, however clear and undisputed the evidence upon the issues not found, the court can not render judgment without usurping in part the functions of the jury, and thereby render judgment infringing a right guaranteed by the Constitution and laws." A court must not speculate as to the construction of a verdict. If the verdict is not certain and definite the court is not permitted to make it so. To quote further from Judge Gaines: "The verdict must find all the issues made by the pleadings in language which does not admit of mistake. It should be the end and not the continuation of the controversy."

*Jno. L. Little,* for appellee

JAMES, CHIEF JUSTICE.—The petition of Norvell alleged a decree of the District Court of Hardin County, dated September 26, 1906, which adjudged that appellant should open a public highway of the first class, sixty feet wide across its property, beginning at a certain point, thence in a direct line as nearly as practicable without encountering houses or other immovable obstacles to crossing of a certain public road and the Santa Fe Railroad immediately west of the depot at the station of Silsbee; said highway to be clear of obstruction for vehicles and pedestrians, with necessary bridges or crossings over any intervening watercourses, ditches, etc., and to be done immediately. Petitioner alleged that defendant had wholly failed and refused to comply with said decree, and he prayed for a mandatory injunction to compel obedience to the same. Defendant pleaded that it had complied with the decree.

The issue made at the trial was submitted to the jury in this manner: That if the jury found from the evidence that defendant had substantially complied with the terms of the decree they were to find for defendant. But if they found that it had not complied with said decree, to find in favor of the plaintiff, and to say: "We, the jury, find that the defendant, the Santa Fe Townsite Co., has not complied with the terms of the decree of September 26, 1906, in the following particulars, to wit (setting out in full the particular or particulars wherein you find the defendant has failed to comply with said decree of September 26, 1906), and therefore we find for plaintiff." They returned this verdict: "We, the jury, find that the defendant Santa Fe Townsite Company has failed to comply with the terms of the decree of September 26, 1906, in the following particulars, to wit: The defendant Santa Fe Townsite Company has failed to comply with their contract to construct a road of the first class and as described in the decree of September 26, 1906, across the defendant's land. Therefore we find for plaintiff." Upon this the court entered judgment commanding defendant within thirty days to open a public highway sixty feet in width across its property between the points stated in the original decree and as the same is described therein.

The first assignment of error is that the court erred in granting plaintiff a jury trial, because the relief asked was a mandatory injunc-

tion and the power to grant or refuse such relief is in the court alone. We overrule this assignment as manifestly without merit. The original decree was an agreed one which simply determined the obligation of defendant to open immediately the highway over its property. The matter in controversy here was not the violation of an injunction involving contempt, but the determination of the right to a mandatory injunction to enforce performance of the duty imposed by said decree. The facts upon which the right to such injunction depended, such as the failure *vel non* to perform the terms of the decree, if disputed, created an issue or issues which it was the right of either party to have determined by jury as in other cases of disputed facts.

We here set forth the other assignments of error:

"Second assignment of error.—The verdict of the jury in this case was not responsive to the charge of the court. The court charged the jury that in case they found that the defendant had not complied with the judgment of September 26, 1906, in reference to opening the road, that they should then find and set out in full the particular or particulars in which the defendant had failed to comply with said decree of September 26, 1906. The jury in its verdict found that the defendant had not complied with the terms of said decree, but failed to specify in what particular or particulars it so failed."

"Third assignment of error.—The verdict of the jury was not sufficiently definite or certain to authorize or warrant the judgment entered in this cause, nor to warrant or authorize any judgment or decree in said cause."

"Fourth assignment of error.—The court erred in its judgment wherein the defendant was ordered to open a road diagonally across its property and different from the road already opened, because the verdict of the jury fails to specify whether defendant had failed to comply with the 1906 judgment in matter of location or manner of opening road."

"Fifth assignment of error.—The court erred in rendering judgment as was done in this case because it was contended by defendant, and there was testimony to support such contention, that defendant had opened a road located so as to comply with judgment of September 26, 1906, and it was contended by plaintiff, with testimony to support such contention, that the road so opened was not the required width, etc. It was also contended by plaintiff, with testimony to support the contention, that the road so opened by defendant was not located so as to comply with said decree. And it can not be determined, from the verdict rendered, what the jury found as to these issues, nor what kind of judgment would comport with such verdict."

Under all these assignments appellant presents this proposition: "A verdict is bad if it finds only a part of that which is in issue, or if it is so indefinite or uncertain as to require speculation on the part of the court to determine its true and full meaning." The principle embodied in the proposition is not fairly applicable to the verdict in this case. True, the verdict might, in response to this charge, have gone more into detail and specified each and every particular in which defendant had failed, but the verdict, as we construe it and as the

trial judge evidently construed it, is a finding that there had been failure in all particulars.

From the briefs of both parties we understand that a road of some sort had been opened. Appellant states: "It developed on the trial that the real issue was whether or not the road opened by defendant was located so as to meet the terms of the decree of September 26, 1906, and also whether or not the road so opened by defendant was sixty feet wide and clear of obstructions, etc." The question then was whether that road complied with the terms of the decree, and we take it that the verdict should be considered and construed as having reference to the road that had been opened, or attempted to be opened, when it states that defendant had not complied with the terms of the decree. The finding was practically that such road was not a road of the first class, and that it was not as the road was described in the decree.

Appellant in his fifth assignment of error admits that the evidence was broad enough to cover such a finding. The assignment states "that it was contended by plaintiff, with testimony to support the contention, that the road so opened by defendant was not located so as to comply with said decree;" and "that it was contended by plaintiff, with testimony to support such contention, that the road so opened was not the required width, etc." The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

We find that there is no difference in the course of the straight line in passing through appellant's property, as defined in the original decree and in the recent decree. We find, however, that the present decree differs from the original one in that the latter commanded the street to be opened in a direct line "as nearly as practicable without removing houses or encountering other immovable obstacles," and the decree now omits this limitation.

Such direct line would pass through blocks 29, 27, 23 and 20 of appellant's property. It was admitted by appellant at the trial that there were no houses on blocks 29, 27 and 23. But there was evidence that there were houses on lots 1 and 2 in block 20, through which lots such direct line would pass. Altogether, we take it that it could not have been assumed as an uncontroverted fact (if the court proceeded upon that theory) that there were no houses or other immovable obstacles in the path of such straight line, consequently we think the qualification should have been incorporated in the recent decree, and the decree will be reformed in this respect. We do this also for the reason that plaintiff did not seek to change the terms of the decree. The enforcement, and not a reformation of the decree, was the purpose of this suit. It appears to us that the judgment (as we amend it) is the correct one upon the evidence.

The map showing the direct route, and also the route which was opened, shows that the latter did not attempt to conform to any idea of a direct course as the original decree contemplated and required. There was no need of any finding of the jury of that fact; the evidence was that there were no houses upon lots in the straight route

except upon lots 1 and 2 in block 20, and these lots were situated about where the line would terminate near the railroad crossing and really presented no obstruction; and the route otherwise was not impracticable. Under these circumstances it is clear that what had been done was not a substantial performance, but a bold evasion, of the decree, and plaintiff was entitled to relief.

As the original decree was entered, appellant assumed, and was charged with, the duty to open the street across its property in the particular manner. The decree made no provision for the contingency of noncompliance. It was expected that it would be complied with, it being an agreed decree. The courts are not powerless to extend relief in such cases. We know of no other form of relief available in such a case than that of a mandatory order.

*Decree reformed and motion overruled.*