STEWART v. BRIGGS. (No. 1692.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 7, 1916.) .

1. USURY ⬡➡20—PAYMENT—PROPERTY.
   Usury may be paid in property.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. § 39; Dec. Dig. ⬡➡20.]

2. USURY ⬡➡20—PAYMENT — USURIOUS INTEREST.
   Rev. St. art. 4982, provides that if usurious interest shall be received, the person paying the same may recover double the amount from the person receiving the same. Plaintiff executed two interest notes, which called for interest in an amount that was usurious, and after paying the first in money defendant accepted a bale of cotton in payment of the second. Held that, while property may be received in the payment of usury, the momentary value of the property will determine whether usury was received, and despite presumptions as to its value no usury was collected where the value of the bale of cotton was less than the amount of the note and did not exceed the lawful amount of interest that could have been charged.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. § 39; Dec. Dig. ⬡➡20.]

3. APPEAL AND ERROR ⬡➡1149 — REVIEW — REFORMATION OF JUDGMENT.
   Where an erroneous.judgment was rendered, and the error plainly appears from the record, the appellate court may reform the judgment.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. ⬡➡ 1149.]

Error from Bowie County Court; Lee Tidwell, Judge. •

Action by G. G. Briggs against J. G. Stewart. Judgment for plaintiff, and defendant brings error. Reformed.

J. B. Manning, of New Boston, for plaintiff in error. Geo. W. Johnson, of New Boston, for defendant in error.

HODGES, J. Defendant in error sued the plaintiff in error to recover the sum of $220 alleged to be double the amount of usurious interest which had been theretofore paid by him to the plaintiff in error. The evidence shows that in February, 1913, plaintiff in error held two notes for $250 each, executed by the defendant in error, payable on December 1, 1913, and 1914, respectively. These notes were to bear interest at the rate of 11

per cent. per annum. To better secure the interest payments, two other notes for $55 each were executed by the defendant in error and delivered to the plaintiff in error. The first of these interest notes was paid in full at or near maturity; the other was satisfied in the fall of 1914 by the delivery of a bale of cotton to the plaintiff in error. At the time this cotton was delivered its market value did not exceed 8 cents per pound, and the cash market value of the entire bale was less than $50. The plaintiff in error testified, in substance,. that on account of poor crops and the scarcity of money he agreed with the defendant in error to accept a bale of cotton in settlement of that debt. He further testified that some time later a bale of cotton weighing 501 pounds was delivered to him by the defendant in error in pursuance of that agreement. At that time that grade of cotton was worth only 7¾ cents per pound in the market, and this was well understood by all parties. Defendant in error admitted that the market value of the cotton did not exceed 8 cents per pound at the time the bale was delivered, but claimed that it weighed 555 pounds. He further testified, however, that he could have obtained a credit of 10 cents per pound from his creditors with whom he had traded during the current year, and could also have obtained 10 cents per pound in cash from people who were then buying a bale of cotton each for the purpose of stimulating the market. This testimony regarding what the defendant in error might have received from his creditors and from some persons buying cotton for the purpose of boosting the market was admitted over the objection of the plaintiff in error. During the course of the argument the attorney for defendant in error used the following language in his address to the jury:

"Gentlemen of the jury, you need not take into consideration the cash market price of this bale of cotton at the time it was turned over to the defendant at Hooks, Tex., December 1, 1914. But you can consider, and ought to consider, what plaintiff could have got for his cotton on the debt he owed to Rachel Bros., or on any other debt he owed; and you can and ought to consider, furthermore, that cotton was not bringing what it was worth at that time; and you can consider the intrinsic value of cotton then and there at that time."

Counsel for plaintiff in error objected to these remarks, and asked that the jury be instructed to disregard them. The court overruled the objection, and stated in the presence and hearing of the jury:

"That he did not by his charge intend to confine the jury to the cash market value of the bale of cotton turned over to the defendant by the plaintiff, but the jury could consider anything else on that line—that they could consider what plaintiff could have got for his cotton on his debts."

All of this was excepted to. Upon the merits of the case the court submitted to the jury only two issues of fact—one as to the payment of the first interest note, and the other as to the payment of the second interest note. The jury found that in each instance the defendant in error paid the amount of $55. A judgment was thereupon rendered in favor of the defendant in error for the sum of $220, which was double the amount of the two interest notes.

[1, 2] It is conceded that both of these interest notes were usurious. It must also be treated as conclusively shown that the first of these was paid in full. The only question presented on this appeal is, Was usurious interest collected on the second note in the settlement shown by the evidence? Counsel for defendant in error insist that usury may be paid in property. It may be admitted as a proposition of law that that contention is correct; in fact, that has been so held by one of the Courts of Civil Appeals in this state. Taylor v. Sturgis, 29 Tex. Civ. App. 270, 68 S. W. 538. They also insist that when the debt represents usury and property is accepted in payment the acceptance carries with it the presumption, that the property is the equivalent of the debt. Article 4982 of the Revised Civil Statutes provides:

"If usurious interest, as defined by the preceding articles, shall hereafter be received or collected upon any contract, either written or verbal, the person or persons paying same, or their legal representatives, may, by action of debt, institute in any court of this state having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where parties paying same reside when such contract was made, within two years after such payment, recover from the person, firm or corporation receiving the same double the amount of such usurious interest so received and collected."

It will be observed that this statute authorizes the recovery of double the amount of the usurious interest "received" or "collected" by the creditor. Where interest is paid in a medium other than money, the only way to ascertain whether or not the payment exceeds the conventional rate allowed by law is to reduce the medium of payment to its equivalent in dollars and cents. If the value of the medium when tested in that manner is more than 10 per cent. per annum on the debt upon which the interest is paid, it amounts to the collection of unlawful interest. The evidence in this case conclusively shows that the market value of the cotton accepted in payment of the last installment of interest was less than $50, and that if only its equivalent in money had been paid no usurious interest would then have been collected. It is immaterial what special value the bale of cotton may have been to the defendant in error. The lawfulness of the transaction is to be tested, not by what the debtor parts with, but by what the creditor "collects" or "receives." In this instance the creditor received just what the commodity delivered was worth in the market. No other criterion of value can be safely adopted. This statute was enacted to prevent oppres-

sion in the way of exorbitant interest charges, and should be limited to those transactions it was designed to reach. There certainly can be no oppression in an instance like this, where a creditor compromises with his debtor and accepts as payment a sum less than he had a right to demand. If this note had been paid in a sum of money less than what the note called for and which did not exceed the lawful date of interest on the original debt, that fact might have been shown as a partial defense to this suit. We can see no good reason why the same defense is not available when payment is made in cotton.

[3] We think the errors complained of led to the rendition of an improper judgment; and inasmuch as there was substantial conflict in the testimony, we think the judgment may be modified and affirmed in this court. Judgment will therefore be here entered reforming the judgment of the trial court so as to limit the recovery to $110, double the amount of the first interest note. The costs of this appeal will be taxed against the defendant in error.