**CITY OF WINK et al. v. R. B. GEORGE MACHINERY CO.**

No. 2799.

Court of Civil Appeals of Texas. El Paso.
March 9, 1933.

Rehearing Denied March 30, 1933.

A. T. Folsom, of Wink, for appellants.

W. M. Harris, of Dallas, and W. H. Graham, of Houston, for appellee.

WALTHALL, Justice.

R. B. George Machinery Company, a Texas corporation, as plaintiff, brought this suit in the district court of Winkler county against the city of Wink, a municipal corporation, incorporated and acting under a commission form of government under the general laws of Texas, the mayor, commissioners, and clerk, who is ex-officio treasurer of the city of Wink, as defendants, to collect from the city of Wink the sum of $3,627, with interest, for certain road equipment consisting of a caterpillar tractor and accessories.

Upon a trial the court rendered judgment for the sum of $3,742.32, principal and interest, in favor of the plaintiff, R. B. George Machinery Company, and against the city of Wink; said judgment further provides that a peremptory writ of mandamus issue directed to the mayor of the city of Wink, S. L. Thedford, and to the commissioners of the city of Wink, Dr. J. B. Williams and H. M. Bodenhoff, and to the treasurer of the said city of Wink, Albert Rollins, commanding them and each of them to proceed with reasonable diligence and dispatch to the collection of all delinquent taxes due said city of Wink for the years 1929, 1930, and 1931, and after paying the reasonable and necessary expenses of making said collections, with lawful limitations, to pay the proceeds of such collections to plaintiff from time to time as collected, and as and when as much as $100 is available therefor at any one time for such purpose as in the judgment directed, and to continue such payments from time to time as funds are in hand from such collection until the whole of the judgment and all costs are paid. The judgment further ordered, adjudged, and decreed that the writ of mandamus to said officers command them to pay to plaintiff at once a stated sum of money then on hand in the city treasury to be applied as a credit on said judgment. The judgment enjoined and restrained the officers of said city of Wink and their successors in office from diverting any part of the proceeds of said delinquent taxes for said years to the payment of any claim or obligation of said city of Wink (other than collection expenses) until the said judgment and costs are paid.

The defendants filed a motion and an amended motion for a new trial, and a motion in arrest of judgment, which the court overruled, to which ruling the defendants excepted.

The defendants, the city of Wink and the said officers of said city of Wink have filed in this court a statement of facts, transcript, and briefs. They have not filed a bond on appeal or writ of error, or supersedeas bond and plaintiff below, and appellee here, has filed a motion to dismiss appellants' appeal for the reason that no appeal or supersedeas bond has been filed within the time provided by law.

The record discloses that the city of Wink has the commission form of government and is incorporated under chapter 12, title 28, R. S.

■ Article 2072, evidently is a "security for costs" article only. Articles 2067 and 2068 authorize the clerk and others mentioned to require from the plaintiff security for costs. The rule for costs may be entered at any time before final judgment, and until entered is not jurisdictional. Articles 2072 and 2072a (Vernon's Ann. Civ. St.), exempt those mentioned from the rule for costs.

■■ Except as otherwise provided by statute an appeal to the Court of Civil Appeals is not perfected unless a proper bond or affi-

davit in lieu thereof is filed with the clerk of the lower court within the time required by law. Acts 1927, 40th Legislature, p. 21, now article 2253, Vernon's Ann. Civ. St.; Tex. Juris, vol. 3, par. 224 et seq.; Midland County v. Slaughter (Tex. Civ. App.) 118 S. W. 762. Those exempt from giving an appeal bond are stated in article 2276 of the statute, and an incorporated city or town is not included in such exemptions.

As we understand the statutes an incorporated town under the general statutes is exempt from the rule for costs. Article 2072. But we do not understand that an incorporated town under whatever statute it is incorporated or acting is exempt from giving an appeal bond except Home Rule Cities incorporated under chapter 13, title 28. See article 1174, R. S. In other words, as stated, article 2072, exempting incorporated towns, is a cost bond rule and has no application to exemption from bond upon appeals and writs of error.

■ Certainly the defendant officers of the city of Wink are not exempt from the statute requiring an appeal bond. The writ of mandamus applies directly and personally to them.

For the reason that no appeal or supersedeas bond has been filed within the time provided by law, the court is without jurisdiction and the appeal is dismissed.