## CITY OF MUNDAY v. FIRST STATE BANK OF MUNDAY et al.

### No. 1172; Motion No. 577.

Court of Civil Appeals of Texas. Eastland.

May 26, 1933.

D. J. Brookreson, of Benjamin, and J. S. Kendall, of Munday, for appellant.

M. F. Billingsley, of Munday, for appellees.

FUNDERBURK, Justice.

Appellee James Shaw, banking commissioner, has filed a motion to dismiss this suit upon the ground that this court is without jurisdiction because the city of Munday, appellant, has filed no appeal bond and is not exempt by law from filing such bond. The authorities cited in support of the motion are: City of Wink v. R. B. George Machinery Co. (Tex. Civ. App.) 58 S.W.(2d) 555, Midland County v. Slaughter (Tex. Civ. App.) 118 S. W. 762, R. S. 1925, art. 2276. The first case cited supports the contention set forth in the motion. The case of Midland County v. Slaughter, supra, is not authority because it was decided prior to the amendment of the statutes which extended such exemption to counties. See 3 Tex. Jur. p. 329, § 225, note 15. Said article 2276, exempting states, counties, etc., admittedly does not embody all the exemptions. For instance, it is conceded that cities chartered under the Home Rule Act (Rev. St. 1925, art. 1165 et seq.), not mentioned therein, are exempt.

In 1875 it was enacted that: "It shall not be necessary in any action, suit or proceeding in which the city, accepting the provisions of this act, shall be a party, for any bond, undertaking or security to be executed in behalf of the city; but all such actions, suits and proceedings, shall be conducted in the same manner as if such bond, undertaking or security had been given, and for all purposes of such actions, suits and proceedings, the city shall be liable in the same manner, and to the same extent as if the bond, undertaking or security in ordinary cases had been duly given and executed." General Laws 1875, c. 100, pp. 113, 155, § 151 (8 Gammel's Laws of Texas, p. 527).

It would hardly be contended that this statute did not exempt cities and towns operating under the provisions of present R. S. 1925, title 28, cc. 1 to 10, inclusive. It was properly held to do so. City of Vernon v. Montgomery (Tex. Civ. App.) 33 S. W. 606; City of Eagle Lake v. Lakeside Sugar, etc., Co. (Tex. Civ. App.) 144 S. W. 709. This law remained in effect until the 1925 revision of the statutes. All that remained of it after the adoption of said statutes consists of that part of R. S. 1925, art. 2072, reading as follows: "No security for costs shall be required * * * of any incorporated city or town in any action, suit or proceeding. * * *" Whether the 1925 revision made any change in any respect in the former law may be a question of some difficulty. It is unnecessary to the decision of the question now presented for us to inquire into that matter.

Article 2072 certainly exempts any incorporated city or town from giving security for costs in any "suit, action or proceeding." Can an incorporated city or town have the full benefit of such exemption and at the same time be required to file an appeal bond? That is the concrete question determinative of the point to be decided. The obligation of an appeal bond (or obligations, if there be more than one) is that the appellant or plaintiff in error "shall prosecute his appeal or writ of error with effect, and shall pay all the costs which have accrued *in the court below*, and which may accrue in the Court of Civil Appeals and the Supreme Court." (Italics ours.) R. S. 1925, art. 2265. Is this one obligation or two? Although the statute uses the word "and" just preceding the obligation to pay

costs, the meaning is more appropriately expressed by the word "or." Blair v. Sanborn, 82 Tex. 686, 18 S. W. 159. It is true that in the case cited two obligations were referred as one being alternative to the other, but it seems to us that there is in fact but one obligation and that obligation is to pay costs. The provision, in form an undertaking or obligation, namely, "shall prosecute his appeal or writ of error with effect," is in fact but a statement of the condition or contingency upon which the obligation to pay costs exists. In other words, article 2265 means just what it would mean if it, in stating the conditions of such bond, had read as follows: "Conditioned that such appellant or plaintiff in error, unless he shall prosecute his appeal or writ of error with effect, shall pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court." If the bond only purported to bind the bondsmen to prosecute the appeal with effect, it would be insufficient as an appeal bond. By analogy such was the holding in Reid v. Fernandez, 52 Tex. 379, as to a bond in which the obligation was "to perform the judgment, sentence, or decree of the court." A bond that does not constitute security for the payment of costs, including costs of the trial court, is simply not a valid bond. The conclusion therefore seems to us inescapable that the necessary effect of the exemption from giving security for costs provided for in article 2072 is to exempt cities and towns from giving appeal bonds just as certainly as if they were named in article 2276, along with the state, counties, etc.

Upon these considerations we are of opinion that the motion to dismiss should be overruled, and it is accordingly so ordered.