## NOBLE v. FIRST STATE BANK OF BISHOP.

### No. 9235.

Court of Civil Appeals of Texas. San Antonio.

Jan. 24, 1934.

Rehearing Denied April 4, 1934.

J. Marvin Ericson and Sidney P. Chandler, both of Corpus Christi, for plaintiff in error.

Boone, Raymer & Davis, of Corpus Christi, for defendant in error.

FLY, Chief Justice.

This suit was instituted by plaintiff in error, hereinafter named plaintiff, for the sum of $132, alleged to be for usurious interest paid by plaintiff to defendant in error, hereinafter called defendant. The cause was submitted to the justice of the peace and judgment rendered against plaintiff in favor of defendant. On appeal to the county court, the cause was submitted to a jury on special issues, and on the responses thereto judgment was rendered that plaintiff take nothing and pay all costs. A writ of error has been prosecuted to this court.

In response to the issues submitted, the jury answered that plaintiff paid defendant $33 interest on January 6, 1928, and that he did not pay any interest on August 11, 1928, as claimed by him. It was in evidence that plaintiff borrowed $363 from defendant, and was required to give a note for $363. The sum of $363 was deposited by plaintiff in the bank in January, at the time it was paid over to him by defendant, as was evidenced by a deposit slip in his name. On August 11, 1928, plaintiff gave a check for the amount of the note, $363, being the money which he had received from defendant. No interest was requested or given at that time. There is no evidence that plaintiff paid to defendant any interest except the $33 paid in advance.

The interest in this case, $33, was paid on January 6, 1928, and the suit for the interest was instituted on June 30, 1930, more than two years after the payment of the interest claimed to be usurious. The amount of interest paid was considerably in excess of interest which could have been legally claimed on the amount of the debt on its due date, at the rate of 10 per cent. per annum; however, under the statutes providing for the recovery of the penalty for exacting usurious interest, it is provided that the claim for such usurious interest shall be barred in two years from the time of its receipt or collection. Article 5073, R. S. 1925. The claim for the usurious interest was clearly barred by limitation under the provisions of the statute, and, being pleaded, the court did not err in rendering judgment in favor of defendant in error.

The judgment will be affirmed.

MURRAY, Justice.

I am of the opinion that plaintiff in error's motion for a rehearing should be granted, and I hereby dissent to the order overruling the same.

I think the original opinion is incorrect wherein it holds that the $33 interest was paid on January 6, 1928, and not on August 11, 1928, and that therefore a suit to recover double the amount of such usurious interest was barred by the two-year statute of limitation.

It is true that there was an exchange of a check, a deposit slip, and a note at the time this loan was made, but, when all matter of form and simulated transactions are brushed aside, we have the real facts in the case clearly presented: On January 6, 1930, plaintiff in error, H. B. Noble, borrowed $330 from defendant in error, First State Bank of Bishop, for which Noble signed a note due in eight months for the sum of $363, which included the $330 borrowed and the $33 interest which Noble had agreed to pay for the use of the money. On August 11, 1930, just before maturity, Noble paid this note in full, and for the first time paid to the bank the $33 usurious interest. He brought his suit within the two-year period after August 11, 1930, so that same was not barred by the statute of limitation. In my opinion, Noble should recover judgment in the sum of $66, which is twice the amount of the usurious interest actually paid by him on August 11, 1930. Gunter v. Merchant, 213 S. W. 604 (Tex. Com. App.); Simpson v. Grissom, 38 S.W.(2d) 1106 (Tex. Civ. App.); Alston v. Greene, 43 S.W.(2d) 478 (Tex. Civ. App.); Southern Industrial Corp. v. Bolton, 22 S.W.(2d) 495 (Tex. Civ. App.).

For the reasons above stated, I respectfully dissent from the majority opinion herein.