## CITY OF WINK v. R. B. GEORGE MACH. CO.

### No. 2799.

Court of Civil Appeals of Texas. El Paso.
June 21, 1934.

Rehearing Denied July 12, 1934.

A. T. Folsom, of Wink, for appellant.

W. M. Harris, of Dallas, and W. H. Graham, of Houston, for appellee.

WALTHALL, Justice.

At a former term of this court the appeal taken by appellant in this case was dismissed for want of jurisdiction, no appeal or supersedeas bond having been given. 58 S.W.(2d) 555.

The Supreme Court reversed the case on appeal and has remanded the cause to this court for a disposition of the case on its merits. 122 Tex. 613, 63 S.W.(2d) 849.

As stated on the former hearing, the R. B. George Machinery Company, a Texas corporation, as plaintiff, brought this suit in the district court of Winkler county against the city of Wink, a municipal corporation, incorporated and acting under a commission form of government under the general laws of Texas, and the mayor, commissioners, and clerk, the latter ex officio treasurer of the city of Wink, as defendants, to collect from the city of Wink the sum of $3,627, with interest, for certain road equipment consisting of a caterpillar tractor and accessories.

The case was submitted to a jury on special issues and on the verdict of the jury the court entered judgment in favor of plaintiff, R. B. George Machinery Company, and against the defendant, city of Wink, in the sum of $3,742.32, principal and interest; said judgment further provides that a peremptory writ of mandamus issue directed to the mayor of the city of Wink, and the city commissioners, and the city treasurer, naming them, commanding them and each of them to proceed with reasonable diligence and dispatch to the collection of all delinquent taxes due said city of Wink for the years 1929, 1930, and 1931, and, after paying the reasonable and necessary expenses of making said collections, with lawful limitations, to pay the proceeds of such collections to plaintiff from time to time as collected, and as and when as much as $100 is available therefor at any one time for such purpose as in the judgment directed, and to continue such payments from time to time as funds are in hand from such collections until the whole of the judgment and all costs until the whole of the judgment and all costs are paid. The judgment further ordered that the writ of mandamus to said officers command them to pay to plaintiff at once a stated sum of money then on hand in the city treasury to be applied as a credit on said judgment. The judgment enjoined and restrained the officers of said city and their successors in office from diverting any part of the proceeds of said delinquent taxes for said years to the payment of any claim or obligation of said city of Wink (other than collection expenses) until the said judgment and costs are paid.

The court overruled defendant's motions for a new trial and motion in arrest of judgment, to which defendants excepted and gave notice of appeal, and have duly perfected this appeal.

### Opinion.

Appellant assigns error to the court's action in overruling their general demurrer to appellee's amended original petition, and under that assignment presents two propositions. First, in an action against the defendant, city of Wink, on a contract or warrant for money, where appellee's petition fails to show that the city made provision for assessing and collecting a tax for the payment thereof, as provided by sections 5 and 7, of article 11, state Constitution, and such indebtedness is not for current expenses, the petition on that ground is subject to the demurrer.

We think we need not state the petition at length, but we will state, in substance, the undisputed record evidence upon which the petition is based and which it states in substance.

The record shows that the city of Wink, acting by its governing body, the mayor and its two commissioners, placed a written order with appellee in December, 1928, for the machinery involved in this suit, to be delivered in the early part of January, 1929, agreeing to pay therefor by stated installments, the total sum of $3,627 (without stating a definite maturity date of such installments), with interest, and agreeing to pay for same "in legally issued Wink City Warrants." The machinery was shipped in January, 1929, to be paid for $27 cash and $3,600 in scrip warrants payable within the year 1929. The city received the machinery, inspected it, accepted it, used it, and never paid for it. On April 1, 1931, the city issued and delivered to appellee a city warrant, No. 271, for said sum of money and interest to that date, totaling $3,917.16. Under date of April 1, 1931, the city passed an ordinance providing for the funding of its outstanding indebtedness, including said warrant No. 271, and declaring in said ordinance that the city was without funds to pay the same, and declaring in said ordinance that they were duly and legally issued, were valid and subsisting and then outstanding obligations against the city, the claims for which had been duly audited and approved prior to their issuance and levying a tax to pay principal and interest. The record shows the taxable value of city property for years 1929, 1930, and 1931, and the delinquent taxes. The ordinance, after levying taxes for 1929 on all city property, provided that such tax levy shall be collected and paid into the general fund to be expended for current expenses "and such other purposes as may be paid out of the general fund of a municipal corporation as provided by law."

Appellee submits that there was no error in overruling the general demurrer since the obligation sued upon does not involve a "debt" within the meaning of section 5 of article 11 of the Constitution and the laws pursuant thereto, but does show that the obligation was not to come into existence until 1929 and to be paid out of the revenue for the year 1929 arising from taxation and all other sources, and for the reason it was not necessary to "make provision" as provided by the Constitution.

Appellee prayed for judgment for the principal sum of $3,917.16, the amount of the warrant and interest from April 1, 1931, or, in the alternative, for the reasonable value of the machinery in the month of January, 1929, with interest from January 1, 1930, to date of judgment, and the writ of mandamus as stated above. The court granted the alternative prayer.

In view of the disposition we think to make of the case, we will, without discussing appellant's general demurrer, overrule it, and proceed to consider appellant's special plea of limitation.

Appellant specially pleaded the two-year statute of limitation to appellee's cause of action.

The facts show that the machinery was ordered by the mayor and commissioners on an order blank addressed to appellee on December 12, 1928, delivery to be made on or before January 1, 1929, "or as soon thereafter as you can furnish transportation or delivery to Pyote." The order then states the amount and order of payments and other matters not necessary to state.

The order contains the acceptance in writing for the city of Wink, and appellee.

The record shows that the machinery was shipped under said order, and received and the machinery accepted by the city in January, 1929.

Appellee's original petition was filed in the district court on the 23d day of April, 1932. The city warrant No. 271, upon which the suit is brought, was issued April 1, 1931.

Appellant assigns error to the effect that the court erred in entering judgment for appellee and against appellants, and thereunder submit the proposition that appellee having failed to make its cause as to a legal written contract, and any implied contract being barred by limitation, appellants were entitled to have judgment entered in their favor.

Appellants, by special answer, pleaded that appellee's cause of action, if any it ever had,

accrued more than two years before the commencement of this suit and same is barred by limitation, there being no written contract for the purchase of said machinery executed by the city of Wink, or its authority, and the alleged warrant number (271) having been issued more than two years after the alleged purchase of said machinery.

The appellee having recovered on an implied contract, the question is presented whether the implied contract was barred by the two-year statute of limitation (Rev. St. 1925, art. 5526). It is unnecessary for us to determine whether appellee could recover upon the implied contract to pay for the machinery and the equipment. The law implied immediate payment on an implied contract rather than at a future date. The cause of action upon the implied contract was barred in two years from the time of the delivery and acceptance of the machinery. Gould v. City of Paris, 68 Tex. 511, 520, 4 S. W. 650; Hill County v. Colonial Trust Co. (Tex. Civ. App.) 18 S.W.(2d) 787, 789; Texas Water & Gas Co. v. City of Cleburne, 1 Tex. Civ. App. 580, 21 S. W. 393. For the reason stated, the case is reversed and judgment here rendered for appellants.