## SCHMID v. CITY NAT. BANK et al.

### No. 13356.

Court of Civil Appeals of Texas.
Fort Worth.

April 24, 1936.

Rehearing Denied May 29, 1936.

Hamp Spiller and Harry K. Brown, both of Fort Worth, and J. R. Wilson, of Wichita Falls, for plaintiff in error.

Bullington, Humphrey & King, of Wichita Falls, for defendants in error.

SPEER, Justice.

W. A. Schmid, as receiver for the Zenith Oil Producing Company of Texas, a corporation, instituted this suit against the City National Bank of Wichita Falls, Tex., and the City National Company of Wichita Falls, Tex., on July 8, 1933, to recover for usurious interest alleged to have been paid on a loan negotiated with the first-named defendant on April 5, 1930.

Judgment of the district court was against the plaintiff and for the defendants, and the question of the correctness of that judgment is before us on writ of error, and for convenience we shall refer to the parties plaintiff and defendants, respectively, as they appear in the trial court.

Plaintiff alleged, substantially, that on April 5, 1930, the Zenith Oil Producing Company approached the defendant bank for a loan of $30,000. The negotiations were had with J. T. Harrell, who was president of the bank as well as also president of the defendant the City National Company. Agreement was made that the defendant the City National Company would make the loan under the conditions that the Zenith Oil Producing Company would execute a series of notes aggregating $33,000, the first four of which should be in the sum of $2,000 each and the next seven should be for $3,000 each, and the last, or twelfth, for $4,000. The first note of the series was to mature May 15, 1930, and one each, in the denominations mentioned, maturing on the 15th of each month thereafter until the entire series should come due. The notes provided that they should bear interest from maturity at the rate of 10 per cent. per annum until paid. That at the time of the execution of the notes the Zenith Oil Producing Company executed its deed of trust lien unto J. T. Harrell as trustee on a leasehold estate in lands situated in Wilbarger county, Tex.

The transcript of plaintiff's petition before us states that on the 14th day of April, *1933*, the defendant the City National Bank loaned to the Zenith Oil Producing Company *$3,000*, but we have treated the italicized figures as typographical errors as if it read April 14, 1930, and the amount loaned was $30,000; similar errors appear elsewhere in the transcript as well as in the briefs of the litigants, but we think we understand what was intended to be written.

At the time of the execution of the notes, defendant the City National Company deposited to the credit of the Zenith Oil Producing Company the sum of $33,000, and required the Zenith Oil Producing Company to issue its check on the same day for $3,000, which amount was charged against the deposit, leaving, as a result of the loan, the sum of $30,000, and the $3,000 was deducted and retained by the defendant the City National Company as interest on the loan to the maturity of the respective notes.

The plaintiff further alleged that the Zenith Oil Producing Company borrowed other moneys from the defendant bank, evidenced by one note dated May 31, 1930, for $4,000, due in 90 days after date, and providing for interest at the rate of 10 per cent. per annum from maturity, and required the borrower to pay $100 as interest in advance. That it borrowed from the defendant bank $300, evidenced by a note dated August 19, 1930, due in 30 days after date, requiring it to pay $2.50 in advance as interest; and that on September 15, 1930, the bank loaned the Zenith Oil Producing Company $500, evidenced by a note of that date due 60 days after date upon which the borrower was required to pay $3.61 in advance as interest. The petition does not state what, if any, provisions were contained in the last two mentioned notes with reference to interest. That a second deed of trust was executed by the Zenith Oil Producing Company on the lease to secure the $4,000 note.

The plaintiff alleges that all said notes and transactions were usurious, and that since April 14, 1930, and prior to October 6, 1931, the Zenith Oil Producing Company had paid to the defendant bank at different times in liquidation of the notes mentioned the sum of $40,870.81, and in enumerating the payments made he includes an item of $2,881.20 alleged to have been paid on September 16, 1931, and an item of $25,000 alleged to have been paid on October 6, 1931.

Plaintiff's pleadings further disclose that the item of $25,000 last mentioned was the proceeds of a sale by a substitute trustee of the lands covered by the first deed of trust, and that these proceeds would more than pay the indebtedness, and that under the terms of the deed of trust the excess should have been paid to him as receiver for the Zenith Oil Producing Company.

The relief prayed for was that, the Zenith Oil Producing Company having paid to the defendant bank $6,070.81 usurious interest, plaintiff recover of defendant bank double the amount of such interest so paid, and, in the alternative, if he was denied recovery of the penalty, that all usurious interest paid be applied to the principal, and that he recover the amount paid as interest and for general relief.

The defendants filed a plea in abatement and several general and special exceptions, but none of them seem to have been acted upon by the court, and there is nothing before us for review in so far as they are concerned. Defendants further answered with a general denial and a special plea of the statute of 2-year limitation as a bar to any alleged cause of action the plaintiff may have ever had.

There are only two questions presented for our determination, they being: (1) Did the several items of interest collected by defendants on the notes given by the Zenith Oil Producing Company constitute usury? And, if so, (2) was plaintiff's cause of action barred by limitation when the suit was instituted?

It is virtually conceded by the plaintiff that there was no usury in the second transaction or series of notes, in which $4,000, $300 and $500 were borrowed, and we too think we may safely drop those items from our consideration, except in determining the application of interest paid on the first series of notes. The calculations made by both parties in their briefs add all principal and all interest paid in determining the matter of usury. We do not consider this necessary.

We are unable to agree with defendants' calculations as to what amount of interest at 10 per cent. per annum would have accrued on the $33,000 loan from the time it was made until paid, but we think the exact figures would be immaterial, in view of the conclusions reached by us. It is undisputed that simultaneously with the making of the loan the defendant the City National Company demanded and received of the borrower $3,-000 as a discount or interest to accrue before maturity, and, when we come to consider the maturity of the series of notes, it cannot be said the amount so charged and received was not a usurious rate of interest.

This brings us to a consideration of the question: Was plaintiff's action for usury barred by the 2-year statute of limitation when the suit was instituted? The same rule would be applicable whether the suit was for the statutory penalty or for an application of all interest to the principal and a recovery sought for overpayment.

Article 5073, Rev.Civ.St.1925, provides: "Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. Such action shall be instituted in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or

where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made."

Art. 5526, Rev.Civ.St.1925, provides:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *

"4. Actions for debt where the indebtedness is not evidenced by a contract in writing."

It will be noted that the usurious interest was paid in advance, or, to be more definite, on April 14, 1930, when the funds were placed to the credit of the Zenith Oil Producing Company, and the cause of action arose at that time, and not when the entire principal and interest was liquidated.

It was held in Noble v. First State Bank of Bishop (Tex.Civ.App.) 69 S.W. (2d) 1114, a cause of action for usurious interest paid is barred after 2 years from the date of such interest payment in advance, although the principal was paid within the 2-year period.

We consider article 5073 of our Revised Civil Statutes 1925, as effectively one of limitation for a suit of this nature, as if it were included in title 91 of our statutes devoted to limitation of actions; even if it were not strictly of limitation, the provision therein of "the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same" would bring such action within subdivision four of article 5526, Rev.Civ.St.1925, it being one for debt, and is amply covered by that article.

It is insisted by plaintiff that this suit is based upon an instrument in writing, since these loans were secured by a deed of trust which provided that in case of sale under its terms the proceeds received by the trustee should be disbursed, first, to the expense of executing the trust; second, to the payment of the mortgagee's debt; and, third, all excess, if any, to be paid to the mortgagor, and is controlled by the 4-year, and not the two-year, statute of limitation. We cannot agree to this contention. Under the facts shown upon the trial, the only condition under which there could have been any excess to be returned to the mortgagor would have been

to first deduct the usurious interest paid, thereby reducing the indebtedness to that extent, and, limitation having precluded this deduction, it was proper, in calculating the indebtedness, to include the interest. If the mortgagor had lost his right to recover the usurious interest paid, he could not, by this method of claiming a refund of the excess over the debt, collect it. The mortgagor could not do indirectly what it could not do directly. Again, let us assume the trustee, in obedience to the deed of trust, had sold the property to a third person for a sum much greater than the debt held by the mortgagee, received the proceeds, and ascertained the amount of the mortgagee's debt, paid it, and then dissipated the remainder which rightfully belonged to the mortgagor, could it be said the mortgagee would be responsible for that excess? We think not.

 It is a well-settled rule of law in this state that debt may be paid in property other than money. Taylor v. Sturgis, 29 Tex.Civ.App. 270, 68 S.W. 538; Stewart v. Briggs (Tex.Civ.App.) 190 S.W. 221. Although the mortgagee was the purchaser at the trustee's sale, even if the agreed purchase price were greater than the debt held by it, and it applied a portion of the purchase price to its debt and held the remainder subject to any right the mortgagor had in it, the rule of moneys had and received would control the rights of the parties. This rule bars a right of action thereon in 2 years. Tex.Jur. vol. 29, p. 731, § 3. See, also, same authority, page 733, § 1.

██ In response to a special issue submitted to the jury, it was found the application of the proceeds of sale were applied to the debt as of July 7, 1931. This suit was instituted on July 8, 1933, more than 2 years after the cause of action arose, and we hold the 2-year statute of limitation applies, and judgment was properly rendered for defendants.

We have carefully examined the record before us, and find no errors of the trial court. Judgment is affirmed.

### On Motion for Rehearing.

Upon consideration of appellant's motion for rehearing in this cause, we have concluded that we were in error in our original opinion, wherein we held the same rule of limitation would apply as against his dual action, wherein he sought a recovery (1) for the statutory penalty for usurious interest paid, and (2) in the alternative for the recovery of excess paid on the indebtedness after applying all interest paid to the principal. We therefore withdraw from the original opinion the following parts thereof:

1. "This brings us to a consideration of the question: Was plaintiff's action for usury barred by the 2-year statute of limitation when the suit was instituted? The same rule would be applicable whether the suit was for the statutory penalty or for an application of all interest."

We here substitute in lieu of that paragraph the following:

This brings us to a consideration of the question: Was that part of plaintiff's suit to recover the statutory penalty for having paid usurious interest barred by the statutes of limitation when the suit was instituted?

2. "Under the facts shown upon the trial, the only condition under which there could have been any excess to be returned to the mortgagor would have been to first deduct the usurious interest paid, thereby reducing the indebtedness to that extent, and, limitation having precluded this deduction, it was proper, in calculating the indebtedness, to include the interest. If the mortgagor had lost his right to recover the usurious interest paid, he could not, by this method of claiming a refund of the excess over the debt, collect it. The mortgagor could not do indirectly what it could not do directly."

We here substitute in lieu of that part of our original opinion last quoted the following:

In the preceding part of this opinion we have held plaintiff's right to recover a penalty for payment of usurious interest was barred by limitation, and it would follow that all interest so paid by him should have been applied to the principal debt, with such application he necessarily overpaid the principal, yet it remains a fact that this overpayment was made in connection with the trustee's sale of the security which was purchased by the defendant. By the application of all interest paid to the principal at the time of sale, such amount, if any, of the purchase price remaining over and above the indebtedness, should have been paid to the mortgagor. The purchaser, having failed to do this, was thereafter under the implied obligation to do so. The purchaser (defendant)

would have been under the same obligation to plaintiff if the deed of trust under which the sale was made had not contained the conditions mentioned. The obligation became a ·debt owing to plaintiff and was controlled by the 2-year statute of limitation. Article 5073, Rev.Civ.St.1925; City of Wink v. R. B. George Machinery Co. (Tex.Civ.App.) 73 S.W.(2d) 653 (writ dismissed) and cases cited.

Motion for rehearing overruled.