ROGER Q. STUBBS ET UX V. TEMPLE TRUST COMPANY ET AL.

No. 7143.   Decided April 5, 1939.
(126 S. W., 2d Series, 645.)

*Vickers & Campbell*, of Lubbock, for plaintiffs in error.

*John B. Daniel*, of Temple, and *Bean & Bean*, of Lubbock, for defendants in error.

*Cole, Patterson & Cole*, of Houston, filed written argument as amicus curiae.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The loan in this case was made February 10, 1925. It was for the sum of $1980. For such loan plaintiffs in error, Roger Q. Stubbs and wife, executed to Temple Trust Company eight notes aggregating the sum of $2200, with interest at 7 per cent per annum, payable semi-annually. The last note was for the sum of $1000 and was to mature March 1, 1935. The trial court found that the loan was for the sum of $1980 and that $220 was added to the principal of the notes as additional interest. The court further found that the purported assignment and purchase of a vendor's lien note was only a subterfuge, and that the loan was usurious. The Court of Civil Appeals affirmed that holding. 94 S. W. (2d) 247. Defendants in error have prosecuted no writ of error from that holding. However, there was ample evidence to sustain the findings of the trial court.

It was shown that the note for $1000 was transferred by the Temple Trust Company to Cora L. Hance sometime prior to March 10, 1933. Notes Nos. 1 to 7 of the series had been transferred to another party, and prior to the institution of this suit had been fully paid, both principal and interest. It was contended by plaintiffs in error that all payments of interest on the prior seven notes should be credited against the principal of the $1000 note, and when this was done said note had been fully paid. The trial court so held, but the Court of Civil Appeals reversed that holding, relying upon the case of Hamilton v. Bill, 90 S. W. (2d) 929, in which writ of error was refused. It was not definitely shown what payments of interest, if any, had been made upon Note No. 8 held by Cora L. Hance. For that reason the Court of Civil Appeals reversed and remanded the case so that the trial court could properly adjust balance due on said note.

In answering certified questions in the case of Temple Trust Company et al v. J. E. Murfee ex ux. (Supra, p. 53) we have today discussed the status of the authorities on this question, and in view of that decision we hold that the Court of Civil Appeals was correct in not allowing reduction from the principal of the note held by Cora L. Hance of interest payments made on the seven other notes.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court April 5, 1939.