## TEMPLE TRUST CO. et al. v. MURFEE et ux.
### No. 4430.

Court of Civil Appeals of Texas. Amarillo.

May 22, 1939.

Rehearing Denied June 19, 1939.

774

Bean, Evans & Bean, of Lubbock, Critz & Woodward, of Coleman, and John B. Daniel and W. R. Brown, both of Temple, for appellants.

Vickers & Campbell, of Lubbock, for appellees.

JACKSON, Chief Justice.

A sufficient statement of the facts and the law involved in this appeal are contained in the opinion of the Supreme Court, reported in 126 S.W.2d 643, in answer to a certified question propounded by this Court. The Supreme Court holds that J. E. Murfee and his wife, Sarah E. Murfee, the plaintiffs, were not entitled, even if the loan contract they made with the Temple Trust Company was usurious, to have the interest they had paid to the Temple Trust Company and by its distributed to the holders of the first nine notes applied to the payment, discharge and satisfaction of Note No. 10 for $1700, owned by the Farmers State Bank of Temple.

In our opinion, the contract, in view of the record, is usurious. Stubbs et ux. v. Temple Trust Co., Tex.Com.App., 126 S.W.2d 645.

In an opinion announced May 15, 1939 we reversed and rendered the judgment in this case but on further investigation we find the record does not contain sufficient data for us to determine the amount of interest paid on Note No. 10, nor when nor to whom paid, hence, we are unable to ascertain the amount of the judgment that should be rendered in favor of the Farmers State Bank of Temple against J. E. Murfee upon which the bank is entitled to a foreclosure, nor the amount of the judgment that should be rendered in favor of said bank on its cross-action against the parties from whom it acquired the note.

The former opinion is therefore withdrawn and the judgment reversed and the cause remanded.