## HANCE v. STUBBS et ux.

### No. 5220.

Court of Civil Appeals of Texas. Amarillo.
Nov. 25, 1940.

Rehearing Denied Jan. 13, 1941.

**493**

FOLLEY, Justice.

Associate Justice STOKES of this court has written an opinion in this case with which the Chief Justice and the writer of this opinion do not agree. The following opinion, therefore, becomes the majority opinion and controls the disposition of the cause in this court.

This is the second time this cause has been before this court. The opinion in the first appeal will be found in Temple Trust Co. v. Stubbs, 94 S.W.2d 247. A writ of error was granted by the Supreme Court and the prior judgment of this court was affirmed by the Commission of Appeals in 133 Tex. 58, 126 S.W.2d 645. We refer to these former opinions for a statement of such facts as we deem unnecessary to restate here.

It appears that on February 10, 1925 the Temple Trust Company made a loan to the appellee Roger Q. Stubbs, purporting to be in the sum of $2,200. As evidence of such indebtedness the appellee, joined by his wife, executed eight notes aggregating the sum of $2,200 in favor of the Temple Trust Company, and, in order to secure the payment of such notes, also executed a deed of trust upon 3.41 acres of land in Lubbock County, Texas. Four of the notes were for $150 each and three for $200 each, due respectively March 1, 1926 to March 1, 1932. There was also one note in the sum of $1,000 due March 1, 1935. All of the notes provided for interest at the rate of 7% per annum from date, payable semiannually. The record is conclusive that the appellees actually received only $1,980 in the transaction, which was $220 less than the aggregate sum indicated in the eight notes. For want of a better name, for the purpose of this opinion, we shall designate this $220 as "bonus", as have the parties to this appeal. The loan transaction was in the former appeal declared usurious and no contention to the contrary is made in the present appeal.

The $150 notes and the $200 notes were sold by the Temple Trust Company to parties not interested in this suit, and such notes were paid to such owners in full, both principal and interest as provided therein. The $1,000 note was sold to the appellant, Cora L. Hance, February 20, 1925. The appellant thereafter collected from the appellees the sum of $527.92 as interest on such note.

Some time prior to 1936 (the record not disclosing the date of the filing of the origi-

Cox & Brown, of Temple, for appellant.

Vickers & Campbell, of Lubbock, for appellees.

nal petition) appellee Roger Q. Stubbs, joined by his wife, filed this suit against the Temple Trust Company and Cora L. Hance, alleging that the loan transaction was usurious and asking to recover and have credited upon the note held by Cora L. Hance all interest which had been paid upon the entire series of notes. Upon the former trial the trial court rendered judgment crediting the note held by Mrs. Hance with all of the interest paid by the appellee on the entire series of notes thereby extinguishing the appellant's note. The case was appealed to this court where it was held the action of the court below in crediting Mrs. Hance's note with the amount of interest paid to the holders of other notes was error. The holding was affirmed by the Commission of Appeals as above indicated.

Upon a retrial of the case before the court without a jury judgment was rendered December 21, 1939 in favor of Mrs. Hance and against the appellees, Roger Q. Stubbs and wife, for the sum of $357.67 with foreclosure of the deed of trust upon the 3.41 acres of land in Lubbock County, Texas. In arriving at the sum due, the trial court deducted from the $1,000 note the $220 bonus retained by the Temple Trust Company when the original loan was made and also the $527.92 interest paid by the appellees to the appellant, which left a balance of $252.08, to which latter amount was added legal interest and 10% attorneys' fees, making the total of $357.67.

The principal contention of the appellant in this court is that the trial court erred in deducting from her note the full amount of the bonus in the sum of $220, or any part thereof, which amount was retained by the Temple Trust Company when the loan was made. The action of the court in allowing a credit upon the appellant's note for the $527.92 interest which she had collected is not seriously contested by the appellant, and, indeed, could not be. It is the well-established law in this State that the owner of the principal note in a usurious loan transaction is properly chargeable with collecting usurious interest when the same is paid to him upon the principal note while in his hands. Hamilton et al. v. Bill et al., Tex.Civ.App., 90 S.W.2d 929, writ of error refused.

The minority opinion of this court, with which we cannot agree, is to the effect that all of the $220 bonus in the original transaction should be charged against the $1,000 note held by the appellant. In such opinion Justice Stokes relies chiefly upon the case of Temple Trust Company v. Stobaugh, Tex.Civ.App., 59 S.W.2d 916, which was a suit for penalties under article 5073, R.C.S. of 1925, wherein the original lender was at all times the owner of all of the notes in the transaction and had collected all the principal and interest paid thereon. The defense of limitations was urged against the recovery of double the amount of the bonus upon the theory that such bonus was paid at the time the loan was made in 1924 by deducting the same from the amount of the money advanced to the borrower. The Court of Civil Appeals for the Third District overruled this contention, holding that the bonus being interest and not principal, was carried over into the last note unpaid and that limitation could not begin to run against it until the payment of such note. It should be noted in that case the court was not dealing with a situation like that of the instant case where various holders of the notes in the series have collected the principal and interest of their respective notes.

In the instant case the sum of $1,980, the amount of money actually advanced to the borrower, is but 90% of the $2,200 aggregate sum of the eight original notes. In the absence of any note designated as bonus or any express agreement as to its payment, we think under the circumstances of this case it follows that the original parties impliedly agreed that each of the eight notes should bear its respective portion of the bonus. The face value of each of the notes therefore represented only 90% principal and the balance was, in effect, interest, which under the provisions of article 5071, R.C.S. of 1925, was a void obligation. Palmetto Lumber Co. et al. v. Gibbs et al., 124 Tex. 615, 80 S.W.2d 742, 82 S.W.2d 376, 102 A.L.R. 474. If each of the respective notes should bear its proportionate share of the bonus each of the $150 notes represented only $135 principal, each of the $200 notes only $180 principal and the $1,000 note only $900 principal. If each of the notes is so charged with its share of the bonus the respective holders of the first seven notes collected their proportionate share of the bonus as such notes were paid. In other words, when one of the $150 notes was paid its owner received $15 of the bonus and when one of the $200 notes was paid its owner received $20 of the bonus. Likewise, under this theory, the appellant would receive $100 of the

bonus if and when her note was paid according to its tenor.

We have no quarrel with the theory advanced in the Stobaugh case that such bonus is not fully paid to the holder of the whole series until all of the principal of the notes is paid to him. Such theory is apparently based upon the doctrine that the borrower is entitled to have the bonus payments applied to the principal of the obligation and so long as the opportunity is open to have it so applied the law will appropriate it to that purpose. However, the theory that the law automatically makes such appropriation is criticized by Judge Smedley of the Commission of Appeals in Adleson et ux. v. B. F. Dittmar Co., 124 Tex. 564, 80 S.W.2d 939, as therein indicated. But, be that as it may, it is our opinion where several holders of portions of the indebtedness have collected the same, including their proportionate share of the bonus as in the instant case, neither the law nor the borrower may arbitrarily charge that portion of the bonus theretofore received by others to the holder of the last unpaid note. Such a rule has never been announced in this State nor do we think it should be. The holders of the respective portions of the indebtedness represented by the first seven notes of the series were charged with constructive knowledge that the whole transaction was usurious ab initio. Although their knowledge may have been only constructive they are particeps criminis in the collection and retention of usurious interest. But under this record such holders are not the only ones possessed of such knowledge, constructive or otherwise. The borrower knew the Temple Trust Company had advanced to him only 90% of the aggregate face amount of the notes he executed. This was not constructive but actual knowledge of a fact which would certainly charge him with constructive knowledge that the loan was usurious. Possessed with such actual and constructive knowledge he paid the holders of the notes other than the appellant their portion of the bonus and now desires to charge the appellant with the portions they received under his own application of such payments. Such a procedure, in our opinion, would be very inequitable and unjust under the circumstances of this case. To adopt such a rule would not only be inequitable and unjust but we think would be in violation of the strict mandate of the Supreme Court of this State. In the former appeal the Commission of Appeals held that the interest paid on the first seven notes of the series was not deductible from the principal of the appellant's note, and such decision is now stare decisis. Since the bonus included in the face amount of the notes was in reality only interest, the amount so paid to the holders of the first seven notes could not, in our opinion, be charged against the appellant except in strict violation of the judgment of the Supreme Court in the former appeal and of the established law of this State. Temple Trust Co. et al. v. Murfee et ux., 133 Tex. 53, 126 S.W.2d 643, and authorities therein cited.

As we construe the Murfee case, supra, it supports in principle our holding in this cause. In that case the loan contract was identical, in effect, with that of the instant case. In the Murfee case $4,950 was advanced to the borrower upon ten notes aggregating $5,500. Thus the money advanced was but 90% of the aggregate face value of the ten notes. The Farmers State Bank of Temple became the owner of the tenth note of the series in the sum of $1,700. The nine prior notes totaling $3,800 were held by other parties who received in full the principal and interest payments thereon as they became due. The borrower, J. E. Murfee, sought to charge the bank with payments of interest received by the owners of the first nine notes. Upon a certified question from this court, as indicated in the opinion of the Commission of Appeals, it was held that the usurious interest received by the transferees of the first nine notes should not be applied to the principal of the tenth note purchased by the bank, which bank had received none of such payments. If our theory in the instant case is correct, the holders of the first nine notes in the Murfee case received $380 of the $550 bonus or excess interest paid upon their notes. Although such fact was not in so many words recited by this court in its certificate in such cause a careful analysis of the opinion of the Commission of Appeals will reveal that such fact actually existed. Therefore, the issue as to the receipt of the $380 fictitious principal by the holders of the first nine notes was at least inferentially before the Supreme Court in that decision. With such fact evident in such cause our court of last resort made no distinction between the money received as interest as such on the first nine notes and that received as

inflated principal which, in effect, amounted only to interest. If such a distinction exists, as urged by our associate, the Commission of Appeals might well have so announced in the Murfee case and thus charged the bank's note with the $380 received by the holders of the other notes in the series. Its failure to do so under the circumstances of that case, we think, affords authority for our holding in the instant case.

Under the record here presented we think that $60 of the so-called aggregate principal in the first four $150 notes, together with $60 of the so-called aggregate principal of the three $200 notes, constituted the proportionate share of such notes in the bonus originally deducted by the lender, which bonus or interest has heretofore been received by parties other than the appellant. We are further of the opinion that the remaining unpaid portion of the bonus in the sum of $100 constitutes a void obligation and may be justly deducted from the claim of the appellant.

The judgment of the trial court is reformed so as to deduct from the appellant's note only $100 of the $220 bonus and the further sum of $527.92 representing interest paid to the appellant, which leaves a balance due appellant on March 1, 1935 in the sum of $372.08; that to the latter sum shall be added interest thereon at 6% per annum from March 1, 1935 until December 21, 1939, the date of the trial court's judgment, making a total of $479.34; that to such latter amount shall be added $47.93 as attorneys' fees, making a total due on December 21, 1939 in the sum of $527.27; that the latter amount shall bear interest at 6% per annum from December 21, 1939 until paid; and that as so reformed the judgment of the trial court is affirmed.

Reformed and affirmed.

JACKSON, C. J., concurring.

STOKES, Justice (dissenting).

As revealed by the opinion in this case, handed down today by the majority of the court, I am not in accord with the disposition of the appeal which they make nor with the conclusions reached and expressed by them concerning the law which I deem applicable to the issues presented by the briefs. It is my opinion that the judgment of the trial court was correct and should be affirmed. The principles of law which, in my judgment, control the issues involved, in my opinion, are wholly at variance with the conclusions reached by the majority and I shall, as briefly as possible, express my views concerning those which I deem most pertinent.

It seems that the contentions made by the parties in this appeal were not involved in the former appeal. The opinions of this court and the Supreme Court on the former appeal seem to deal only with the interest that was paid as such by the appellees, that is, the seven per cent. provided in the notes as interest, and not with the $220 that was retained by the Temple Trust Company as a bonus when the loan was made. The record now before us contains only the amended pleadings upon which the case was last tried. It is likely, therefore, that the present issue concerning the so-called bonus was first injected into the case upon the last trial.

Upon the question of whether or not the trial court erred in crediting upon the $1,000 note held by appellant the entire $220 retained by Temple Trust Company as a bonus, it may be observed that in testing the contract for usury, the real principal of the loan is not necessarily the amount specified in the face of the notes, but the amount actually received by the borrower from the lender. Adleson v. Dittmar Co., 124 Tex. 564, 80 S.W.2d 939. In this case the principal of the loan was $1,980. If the entire transaction had consisted of only one note in the sum of $2,200, there would be little difficulty in ascertaining the position in the indebtedness that is occupied by the portion constituting the bonus. The bonus cannot be considered as interest paid because when stripped of its formalities, the note for $2,200 was given for a loan of but $1,980. Adleson v. Dittmar Co., supra. Usury can be recovered or deducted from the real principal of the note only in the event interest has been paid by the borrower. Art. 5073, R.C.S.1925. The $220 retained as a bonus was not paid by the borrower nor was any portion of it ever paid to any of the holders of the series of notes. If the entire transaction had been included in one note and appellee had paid the seven per cent interest thereon as provided in the note, it could not be said that he had paid any portion of the bonus until some amount in addition to the actual principal of $1,980 had been paid. Federal Mortgage Co. v. State Nat'l. Bank, Tex.Civ.App., 254 S.W. 1002. I can conceive of no reason why this feature of the transaction

would be changed by dividing the loan into a series of notes. It is well settled in this State that, in order to have credited upon the principal, usurious interest paid or to recover double the amount thereof where a suit is filed therefor within the limitation period, the plaintiff must allege and prove that he paid the interest constituting the usury. If appellee had, at any time during the pendency of the loan, brought suit against the holders of the notes for double the amount of interest paid by him during the two years preceding the filing of a suit therefor under Art. 5073, he would not have been entitled to recover any portion of the bonus of $220. He had never received it from the Temple Trust Company nor had he paid any portion of it to any one. A portion of the loan, or money, actually advanced to him would still be unpaid, and unless he should be able to allege and prove that he had paid more than the $1,980, it would have been impossible for him to show that he had paid any portion of the bonus. At the very threshold of his case he would have been met by his own contract in which he appropriated the payments made by him to certain portions of the principal and the seven per cent. provided therein as the current interest. He would not, therefore, have been entitled to recover any portion of the bonus. It seems to me, therefore, that it must follow that no portion of the bonus was included in any of the series of notes except the last one which was for considerably more than the amount of the bonus.

In considering a similar question the Supreme Court of California in Haines v. Commercial Mortgage Co., 200 Cal. 609, 254 P. 956, 255 P. 805, 53 A.L.R. 725, held that the bonus was not actually paid and was, therefore, not a proper item of a judgment trebling the amount thereof. It held, furthermore, that the item of $1,020 which was retained by the lender in that case as a bonus, simply became surplusage and not only could not be collected by the lender but it could not be the basis of apportionment for either principle or interest; and that the payments on account of principal would serve to reduce the net principal and not be construed as a payment of the bonus either in whole or in part.

Sec. 5198 of the Revised Statutes of the United States, 12 U.S.C.A. §§ 86, 94, is very similar to our usury statute, Art. 5073, and in Gunter v. Merchant, 213 S.W. 604, 607, Judge Sadler, speaking for Section B of the Commission of Appeals, said: "Under this statute the Supreme Court of the United States has uniformly held, and our Supreme Court has followed it, that the reservation by a banking corporation of the interest at the time of making a loan is not such a payment as will sustain a suit to recover the penalty, unless the note given has been paid. In determining the question of limitation as applying to recovery for penalty, the Supreme Court of the United States, and of our state, held that where usurious interest has been held out in the original transaction, and is incorporated into the note, the period of limitation for the recovery of the penalty does not begin to run until the actual payment of the note."

It is obvious that this holding could not have been made except upon the theory that the usurious interest held out in the original transaction was relegated to the last portion of the indebtedness. These authorities clearly locate the bonus in such a transaction as merely an addition to the real principal of the indebtedness which cannot be collected if resisted by the payor, but which, other than tainting the transaction with usury, gives the payor no right of recovery of the bonus until the actual or real principal and that portion of the note represented by the bonus or a portion of it have been paid.

In the case of Temple Trust Co. v. Stobaugh, Tex.Civ.App., 59 S.W.2d 916, 919, a question arose which was very similar to the one involved here. In that case the Temple Trust Company made a loan to Stobaugh in the actual sum of $1,205.35 and as evidence of the indebtedness Stobaugh executed to the lender five notes of $100 each and one for $250, maturing September 1, 1925 to 1930, respectively, and one in the sum of $600, maturing September 1, 1934, all bearing interest at the rate of seven per cent per annum, payable semiannually. These notes aggregated $1,350, which included a bonus of $144.65. The appellant in that case contended that, even if the $144.65 bonus be treated as interest paid, it should be considered as having been paid at the time the loan was made; credited on the principal at that time, and not as paid in March, 1932, when the last note of the series was discharged. In delivering the opinion of the Court of Civil Appeals of the Third District, Justice Baugh said: "We do not sustain this contention. The transaction must be construed as if the contract were a written

promise to pay only the $1,205.35 actually borrowed, and all other sums provided for therein are to be considered as interest. Appellee was entitled to a credit for, or recovery of, only the usurious interest actually paid by him, and where the penalty is not invoked within two years after payment, the law applies such payments on the principal. In the instant case appellee contracted in said notes to pay $100 each year for five years, and $250 the sixth year on the principal. Consequently, there was not included in these items the excess $144.-65 which he agreed to pay. Meantime appellant was collecting 7 per cent. interest on that item up until his last payment, and limitation cannot we think begin to run against that item, which must be construed as usurious interest, until it was actually paid by appellee in his discharge of the $600 note. The rule as stated in 27 R.C. L. 279, is: 'Since the inclusion of usurious interest as principal in notes does not constitute a payment of the interest, it does not start the running of the statute against a right of action to recover twice the amount of interest paid; but the usurious transaction from the date of which the statute begins to run is the time when the usurious interest is actually paid.' And the excess, or bonus, was we think clearly carried over in this case into the last note, and was so treated by appellant itself in charging interest on it up to the maturity of that note."

The question again came before the same court in the case of Temple Trust Co. v. Haney, 103 S.W.2d 1035, and the same conclusions were expressed.

The principle that the bonus is carried over to the last portion of the indebtedness has its foundation in the doctrine of locus penitentiae expressed by the learned Justice Stayton in delivering the opinion for the Supreme Court in Stout et al. v. Ennis Nat. Bank, 69 Tex. 384, 8 S.W. 808, 810. It is that, the contract not being rendered void by the statute, the lender may repent and relinquish the interest, including the bonus, and recover the balance of the debt. In the cited case, the Supreme Court said; " 'And, in the absence of proof as to any appropriation of a partial payment, the law will apply a payment to a valid demand, rather than to the illegal one; and the balance which remains unpaid, if it exceed the usury agreed to be paid, includes the usury;.so that, on the one side, the debtor shall not recover back any part of that which he honestly owed,

by the allegations on his part that the payment made by him was the payment of the usury; nor, on the other hand, will the law permit the creditor to secure to himself the benefit of his illegal contract, when he sues for the balance due on the contract, to aver that the usurious interest was contained in the previous payment, and that the residue is justly due.' When, however, the parties, as they did in this case, appropriate, and intend to appropriate, the payment to usurious interest, the locus penitentiæ can no longer exist; for the offense has been consummated, 'the greater rate of interest has been paid,' and the right to the penalty is fixed."

See also Stevens v. Lincoln, 7 Metc., Mass., 525, 528; Citizens' Nat'l. Bank v. Froman's Assignee, 111 Ky. 206, 63 S.W. 454, 757, 56 L.R.A. 673, and the many cases there cited.

Thus it will be seen that our Supreme Court has held that where money is paid on usurious contracts containing amounts retained as bonus without an appropriation by the parties of the payment to the usurious interest or bonus, the law will appropriate the payment to that part of the demand which is legal; for neither the party making nor receiving the payment would be presumed to have intended that it should be appropriated to the payment of usurious interest. There is nothing in the record in the instant case to indicate that an appropriation was made by either appellant or appellee or any other party to the transaction of any payment made by appellee to the bonus or any part thereof. All payments made on the note in suit were for the seven per cent interest specifically provided as such in the note and all other payments made were of the principal and seven per cent interest specifically provided in the other notes of the series. While it is true that the transaction consisted of eight separate notes, and they were assigned to different parties and the former notes paid to those who held them by assignment from the Temple Trust Company, yet I can discern no difference in so far as the rule of law is concerned from what the effect would have been if the entire transaction had been included in one note and remained in the hands of the original payee until an amount had been paid thereon equal to that which has been paid on the series of notes by appellee in this case. Although the notes were assigned to separate parties, the entire series 'and the deed of trust executed to secure

them constituted but a single transaction and appellant cannot assume the role of an innocent purchaser. Her position in the transaction is not different in any respect from that of the Temple Trust Company. She stands in its shoes and her rights and liabilities are governed by the same rules of law as its rights and liabilities would have been if it·had remained the owner of the entire indebtedness. Gilder v. Hearne, 79 Tex. 120, 14 S.W. 1031; Van Meter v. American Central Life Ins. Co., Tex.Civ. App., 78 S.W.2d 251; Temple Trust Co. v. Stobaugh, Tex.Civ.App., 59 S.W.2d 916; Dallas Trust & Savings Bank v. Brashear, Tex.Com.App., 65 S.W.2d 288.

The parties to the loan transaction specified in the contract that .$150 should be paid on the principal each year during the first four years. The effect of the holding of the majority is to change that portion of the contract and appropriate only $135 of these payments to the principal. This results in an arbitrary appropriation of a portion paid upon the legitimate principal of the loan to the usurious interest or bonus which constitutes the illegal and void portion. This is exactly what the Supreme Court said in the Stout case, supra, the law will not do.

In consonance with what I deem to be sound principles of law and, in keeping with my interpretation of the holdings of our own courts, as well as eminent tribunals of other jurisdictions, I cannot but adhere to the conclusions here expressed and respectfully enter my dissent to the disposition made of the appeal, and the conclusions of law upon the issues presented in the briefs, as expressed in the opinion handed down by the majority in this case.