**AUTOCREDIT OF FORT WORTH, Inc.**
**v. PRITCHETT.**

No. 15066.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 30, 1949.

Rehearing Denied Nov. 4, 1949.

Irion, Cain, Bergman & Hickerson, Dallas, for appellant.

Randell C. Riley, Fort Worth, for appellee.

HALL, Justice.

This is a usury case brought by C. W. Pritchett, appellee, against appellant, Autocredit of Fort Worth, Inc., in the County Court at Law of Tarrant County, Texas, to recover double the amount of interest paid under an alleged usurious contract. The case was tried to a jury and in answer to special issues submitted they found the following:

1. That appellant sold a 1942 Hudson automobile to appellee on or about the 17th of May, 1948.

2. That appellant charged appellee an interest rate in excess of ten per cent per annum on a $775.12 indebtedness for a period of eighteen months.

3. That the sum of $243.23 was the sum which appellant charged appellee in excess of ten per cent per annum on the principal indebtedness for eighteen months.

4. That appellant intended to charge such usurious interest.

5. That appellant knowingly received such usurious interest.

6. That there was an agreement between appellant and appellee wherein appellee agreed to pay appellant usurious interest.

The trial court rendered judgment in favor of appellee and against appellant for double the amount of usurious interest, to-wit: $486.46, with interest from date at six per cent per annum. Appellant appeals, submitting ten points of error. We

will discuss the first seven points conjunctively, the first contention being that judgment of the trial court should be reversed because appellee failed to plead and prove said interest was paid under and pursuant to an usurious contract with appellant and that the testimony is insufficient to establish that usurious interest had been paid appellant under a contract.

Appellant filed a verified answer containing general denial, followed by a special denial that one O. B. Smith, who performed the sale with appellee, was agent or had authority to bind appellant. We find the evidence sufficient to support the jury's finding that the automobile was owned by appellant at the time it was sold to appellee. Appellee testified that on May 17, 1948, he purchased a 1942 automobile from appellant and traded in on the purchase a 1935 Plymouth, on which he owed a balance of $154. The transaction took place at "Public Auto Sales," which was about one mile from appellant's place of business. He dealt with a man by the name of O. B. Smith and also appellant's manager, George Vaughn, who came over to "Public Auto Sales" and advised Smith to close the deal upon appellee's terms. The tax collector's receipt for title application and the certificate of title show the car to have been owned by appellant at the time it was transferred to appellee. Appellee further testified that the total amount he owed appellant upon the car, including insurance, was $775.12; that he signed the note in blank, that he had not seen the note since, even though he had paid it off long before the day of trial. He introduced in evidence receipts showing he had paid appellant a total of $1,134.62 between May 29, 1948 and January 24, 1949.

Appellant's contention seems to be that "even if, for the sake of argument, the record be construed as establishing that Plaintiff did pay Defendant usurious interest, which is not conceded or shown, Plaintiff still would not be entitled to a recovery of the penalty provided by Article 5073 in the absence of proof of a contract between Plaintiff and Defendant requiring Plaintiff to pay Defendant such interest," and cites for its authority the case of Greever v. Persky, 140 Tex. 64, 165 S.W.2d 709, wherein the court at page 712 said: "It seems to be very well settled in this State that in order to authorize the recovery of the penalty provided for under our statutes for the collection of usurious interest, there must have been a contract to pay the usurious interest so collected. Voluntary acceptance of interest in excess of the lawful rate is not sufficient. * * *"

We do not deem the facts in the Persky case parallel to the case at bar. In that case there was before the court the question of interpreting whether the contract was based upon a commission or whether the commission was to be determined interest, and in that case even though the contract was to pay the commission for ninety days, yet Persky voluntarily paid the commission at the rate of three per cent per month beyond the ninety day period and the court held: "Since the evidence did not conclusively establish a contract to pay the three per cent commission after the expiration of the first ninety-day period, there was material error on the part of the trial court in allowing a recovery of double the amount of the three per cent commission."

While it is true there should be a contract to pay usurious interest, such contract may be oral or by acquiescence. In determining the question of usury the constitutional provision applies to all contracts, whether written or oral. See Glenn v. McCarty, Tex.Civ.App., 130 S.W.2d 295; City of Galveston v. Heffernan, 138 Tex. 16, 155 S.W.2d 912. The fact appellant knowingly requested that appellee pay the excessive sum found by the jury and that appellee complied with such request is sufficient evidence to establish a contract and acquiescence therein between the parties to collect and pay usurious interest. We overrule the first seven points of error.

Appellant's eight point of error is as follows: "The trial court erred in submitting the case to the jury on the theory that the suit was one to recover double the amount of usurious interest paid Defend-

954

ant under Article 5073 and in rendering a judgment against Defendant on the answers to said issues, where Plaintiff alleged that he signed the note in blank upon the representation of Defendant's agent, that said note would be filled in for $775.12, that he relied on said representation and alleged further that if the note was not so 'filled out,' then 'it was filled in with intent to defraud,' and the undisputed evidence showed that the alleged agent had no authority to represent or bind Defendant, and there was no evidence as to how said note was filled in or for what amount of either interest or principal."

■ We overrule appellant's contention upon the following authorities:

The owner of the principal note in a usurious loan transaction is properly chargeable with collecting usurious interest when the same is paid to him upon the principal note in his hands. Hance v. Stubbs, Tex.Civ.App., 146 S.W.2d 492, writ refused.

■ The policy of the legislature in enacting statutes prohibiting the collection of usurious interest is essentially the protection of borrowers against oppressive exactions of lenders. Glenn v. McCarty, supra.

■ In deciding whether loan was usurious the court will disregard the form and look to the substance of the transaction. Schmid v. City National Bank of Wichita Falls, 132 Tex. 115, 114 S.W.2d 854, affirming, Tex.Civ.App., 94 S.W.2d 554.

If there be an intention to charge usury, no matter how the transaction may be veiled or disguised, the court will look through the form to the substance and condemn the contract as usurious. Glover v. Buchman, Tex.Civ.App., 104 S.W.2d 66.

■ In determining the question of usury the contract is tried by the statutory limitation of ten per cent per annum for the use, forbearance, or detention of the money for one year. If the interest contracted for exceeds that rate it constitutes usury, no matter in what form the contract may be expressed. Commerce Farm Credit Co. v. Ramp, Tex.Civ.App., 116 S.

W.2d 1144, affirmed, Commerce Trust Co. v. Ramp, 135 Tex. 84, 138 S.W.2d 531.

■ The test of whether or not usury was charged and paid is determined by the amount of the loan and the total amount of interest charged and collected for the time covered. Groves v. National Loan & Investment Co. of Detroit, Mich., Tex.Civ. App., 102 S.W.2d 508.

■ We find the act of appellant in having appellee to sign the instrument in blank and later collect from him interest in excess of ten per cent per annum is sufficient evidence to warrant the court in submitting the question of whether or not there was a contract between the parties to receive and pay usurious interest. We overrule this contention of appellant.

What we have said in regard to point eight will suffice for answer to appellant's point nine, which is as follows: "Where Plaintiff alleged that he signed a note in blank upon the representation of an alleged agent of Defendant that said note would be filled out for $775.12 and that if it was not so filled out it was filled out with intent to defraud and testified that he signed the note in blank and wholly failed to offer any evidence showing the amount of either interest or principal inserted in said note and there was no other evidence to establish a usurious contract with Defendant, there was no intent shown on the part of Defendant to collect usurious interest and the trial court erred in overruling Defendant's objections to submitting a special issue (No. 4), to the jury inquiring as to whether Defendant had any intent to charge Plaintiff usurious interest and erred in rendering judgment against Defendant for double the amount of interest so found to have been paid to Defendant."

■ Appellant's tenth point is as follows: "Inasmuch as Plaintiff both alleged and testified that the note he executed and which he claims to be usurious was for the balance of the purchase price of a used Hudson automobile he purchased from Defendant and no money changed hands in the form of a loan, Plaintiff had no cause of action for a penalty under Article 5073,

R.C.S. and the trial court erred in rendering a judgment against Defendant for the penalty provided under said statute," and cites for authority the case of Baldwin v. Motor Inv. Co., Tex.Civ.App., 89 S.W.2d 1076. We have carefully read the case and find that the statement relied upon there does not apply to the case at bar and overrule this point of error.

After having carefully reviewed the record in this case and applying it to appellant's points of error, we find they should be overruled and judgment of the trial court affirmed.