GREAT AMERICAN COUNTY MUT. FIRE INS. CO. et al.

v.

ELLIOTT.

No. 10220.

Court of Civil Appeals of Texas.

Austin.

May 5, 1954.

William C. McDonald, San Angelo, for appellants.

C. T. Dalton, Sedberry & Williams, San Angelo, for appellee.

**ARCHER, Chief Justice.**

This is an appeal from a judgment of the District Court in favor of appellee and against appellant, Insurance Company, for $1,367.50 and in favor of the Commercial Finance Company, Inc. for $167.50, growing out of a suit instituted on July 21, 1953, by appellee against the Great American County Mutual Fire Insurance Company to recover on an insurance policy on an automobile alleged to have been totally destroyed resulting from its overturning and wreck.

Plaintiff alleged the market value of his car to have been $1,690.20 for which he sought judgment less $50 deductible as provided for in the policy. The Commercial Finance Company, Inc. was made a party because of a claimed interest in the subject matter.

On August 12, 1953, the Finance Company filed its answer by way of general denial.

The insurance company filed its first amended original answer on the 23rd of September, 1953, and denied alleged value of the automobile as being in excess of $900.

The Finance Company filed its amended original answer on September 2, 1953 and set up its claim for an unpaid balance of $396.40 on the note and sought judgment.

Plaintiff filed his first supplemental petition on September 23, 1953, alleging that he purchased the automobile for a price of $1,995 and paid $700 in cash and traded in another car at an agreed price of $195, leaving a balance of $1,100, which was to be paid in monthly installments. At the time of the purchase of the automobile plaintiff procured a policy of insurance, the premium therefor being $98.50 which was added to the amount owing on the car, or a total of $1,198.50. That a note was prepared by defendant in the sum of $1,427.-40 and payable in monthly installments of $79.30 each, that the first thirteen of such installments were paid in an aggregate

sum of $1,030.90; plaintiff alleged that said note

" * * * was so drawn by said Defendant as to constitute a device to conceal usury; and in this connection, he shows that, as above set forth, the actual total indebtedness of Plaintiff to said Defendant was only One Thousand One Hundred Ninety-Eight and 50/100 Dollars ($1,198.-50); whereas the face amount of said note was in the sum of One Thousand Four Hundred Twenty-Seven and 40/100 Dollars ($1,427.40); same thus exceeding such actual indebtedness by the sum of Two Hundred Twenty-Eight and 90/100 Dollars ($228.90); such difference in said amounts ·being and constituting usurious interest. Plaintiff further shows that the actual rate of interest on said note was nineteen (19) per cent. As above set forth, the actual payments made by Plaintiff to said Defendant on said note aggregated One Thousand Thirty and 90/100 Dollars ($1,030.90); same having been paid during the period from June 5, 1952, to June 5, 1953, both dates inclusive. Of said aggregate payments of One Thousand Thirty and 90/100 Dollars ($1,030.90) nineteen (19) per cent thereof, to-wit, the sum of One Hundred Ninety-Five and 87/100 Dollars ($195.-87) constituted interest; * * *."

and sought an offset of such usurious interest, etc.

The Finance Company answered the supplemental pleading of plaintiff by way of special exceptions, and further general denial.

Trial was had before the Court without a jury, and judgment was rendered in favor of plaintiff for $1,550 less $50 deductible against the Insurance Company, and allowed an offset of $228.90 in favor of plaintiff against the claim of $396.40 of the Finance Company and gave the Finance Company a judgment for $167.50.

On September 25, 1953, plaintiff made a trial amendment and prayed in the alternative that the sum of $228.90 be set off against the claim of the Finance Company in the sum of $396.40.

At the request of defendants, made on October 12, 1953, the court filed its findings of fact and conclusions of law on November 24, 1953, and found that the policy was issued, that the automobile was upset and totally wrecked solely through an accident and being a total loss, that the cash value of the automobile was $1,550 immediately prior to the accident.

The court further found that the car was purchased for an agreed price of $1,995.50 of which a sum of $895 was paid; that to the balance unpaid was added the premium of $98.50. That the note for $1,427.40 exceeded the actual indebtedness by the sum of $228.90; that such difference being in excess of ten per cent interest per annum.

That the sale was made for $1,995 and no other amount was mentioned, either cash or partly cash.

That the papers were drawn by the Finance Company and no act purporting to be in compliance with the provisions of Article 5074a, V.A.C.S., relating to sale of a motor vehicle under a time credit price was done.

The court concluded as a matter of law that the Insurance Company was liable for the sum of $1,500, and that the difference between the actual indebtedness of $1,198.50 and the amount of the note for $1,427.40 was $228.90, and constituted usurious interest and should be credited to the note, and that the sum of $167.50 is all of the indebtedness remaining due the Finance Company.

The defendants filed objections and exceptions to the court's findings and conclusions, directed to the lack of testimony to support the findings that the car was totally wrecked and a total loss and referring to the testimony of several witnesses, and as to the finding that the sale was for a cash selling price, etc.

The appeal is before this Court on six points and are that the court erred in overruling the Finance Company's exception No. 1, that a new cause had been pleaded,

and defendant not allowed sufficient time to defend the suit, and that the pleadings do not disclose that defendant ever received usurious interest, or any claimed to have been paid by plaintiff, in finding the value of the automobile to be $1,550, and that the automobile was a total loss, that the finding of the court that the agreed price of the automobile was $1,995 was without support in the evidence.

■ There is no question of usurious interest being paid in this case, such was pleaded and some finding was made in connection therewith. What the court actually did was to determine that to the extent of $228.90 the note was excessive over the agreed price, and allowed a credit on the note for this amount. We believe that the court was justified in finding that the note for $1,427.40 was to the extent of $228.90 more than the amount actually due defendant.

It was the obligation of the court to ascertain the actual agreement of the parties and to declare usurious an agreement requiring payment of usurious interest, and a contract providing for payment of interest exceeding limitation of ten per cent per annum for the use of money is usurious. Associates Inv. Co. v. Thomas, Tex.Civ.App., 210 S.W.2d 413; Autocredit of Fort Worth v. Pritchett, Tex.Civ.App., 223 S.W.2d 951, error dism.; Rodriguez v. R. P. Youngberg Finance, Tex.Civ.App., 241 S.W.2d 815.

■ The special exceptions were directed to the sufficiency of the pleadings, and do not constitute motion for postponement on account of surprise as is contemplated by Rule 70, Texas Rules of Civil Procedure.

As we have referred to herein the parties filed amended pleadings and supplemental pleadings on the day of trial of the case and all parties had full knowledge of the procedure, and the trial amendment was proper.

■ The statement of facts includes the testimony of the plaintiff who stated that he bought the car and the terms of such purchase and that one price was quoted and no one contradicted this witness, and we will not disturb the findings of the court. John Hancock Mutual Life Insurance Co. v. Stanley, Tex.Civ.App., 215 S.W.2d 416.

■ We next consider the findings of the court as to the value of the automobile and here again we believe such findings are supported by the record and should not be disturbed.

The plaintiff purchased the car and operated it for over a year and was generally familiar with its conditions testified that it was in good running order and operation, and that it was totally destroyed.

Witness Luce called by plaintiff testified that he was engaged in buying and selling used cars, that he was acquainted with the Elliott car, and knew the value thereof at San Angelo, or in Coke County, Texas, and fixed its value at about $1,600; that he was a good friend of Elliott.

Witness Lawson, witness for plaintiff, testified that he knew Elliott and was acquainted with the car, that it was a good clean car with good quality seat covers, heater, power drive, etc., and knew the value of the car and fixed its value at from $1,600 to $1,750.

W. J. Stevens, called as a witness by defendants, testified that he had been in the automobile business for a number of years and was engaged in buying and selling used cars, and was familiar with the Elliott car and fixed a value of about $1,150.

B. M. Haley, witness for defendants, testified that he was in the used car business, and had bought and sold cars of all makes and fixed a value of about $1,200 for a car like the Elliott automobile.

It is to be seen that the evidence as to the value of the automobile, and such estimates ranged from about $1,200 to about $1,700 and the court determined the value to be $1,550 and entered judgment for this amount, and such action was justified.

· The wrecked car was turned over to the Insurance Company and was therefore available for disposition by the company.

■ Our attention is directed to the filing of a supplemental transcript and an accompanying statement of facts, dated April 7, 1954, while this case is on appeal. Such action was for the purpose of perfecting the record and was done pursuant to an order of the trial judge and no harm resulted to plaintiff. Rule 428, T.R.C.P.

The judgment of the trial court is affirmed.

Affirmed.